**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

)
HAMDY ALEX ABOU-HUSSEIN,                         )
                                                 )
                              Plaintiff,          )
                                                 )
              v.                                  )        Civil Action No. 12-0913 (RBW)
                                                 )
RAYMOND EDWIN MABUS, JR.                          )
Secretary, United States Department              )
of Navy, and                                     )
                                                 )
NAVAL CRIMINAL INVESTIGATIVE                     )
SERVICES                                         )
Unknown Agents,                                  )
                                                 )
                                                 )
                              Defendants.         )
_____      )

**MEMORANDUM OPINION**

Plaintiff Hamdy Alex Abou-Hussein, proceeding pro se, filed this action seeking relief

for the alleged actions of his employer, the Department of the Navy, see Complaint ("Compl.")

¶¶ 56–61, and unknown agents of the Naval Criminal Investigative Services ("NCIS"), see id. at

1 (listing unknown NCIS agents in the caption).   Currently before the Court is Defendant

Raymond Edwin Mabus, Jr.'s ("the Secretary") motion to dismiss this case pursuant to various

provisions of Federal Rule of Civil Procedure 12(b) or, in the alternative, for summary

judgment.[1]  Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mot.") at

---

[1] Although the Secretary moves to dismiss the complaint in its entirety, the Secretary's motion is filed on his behalf alone, and does not address the claim or claims asserted against the unknown NCIS agents.  See Motion to Dismiss or, in the Alternative, for Summary Judgment at 1.  Moreover, no appearance has been entered on behalf of the unknown NCIS agents also named as defendants in this matter.  See ECF No. 4 at 1 (entering an appearance "as counsel of record for defendant Ray Mabus, Secretary, Department of the Navy").  The Court therefore does not

(continued . . . )

1.  After carefully considering the plaintiff's complaint, the Secretary's motion to dismiss, and all memoranda of law relating to that motion,[2] the Court concludes for the reasons that follow that it must grant in part and deny in part the Secretary's motion to dismiss the claims against him.

## I. BACKGROUND

The following factual allegations are taken from the plaintiff's complaint, and are accepted as true for the purpose of resolving the Secretary's motion as required by Federal Rule of Civil Procedure 12(b).  The plaintiff began working for his current employer, the Space and Naval Warfare Systems Command ("Command") in Charleston, South Carolina, in September 2005.  Compl. ¶¶ 1, 30.  After settling an Equal Employment Opportunity Commission complaint against the Command in 2007, id. ¶ 37, the plaintiff was falsely accused of sexual harassment, id. ¶ 39, and was subjected to repeated "false espionage and terrorism allegations," id. ¶ 37, "based on his Arabic national origin," id. ¶ 57.  During this time, the plaintiff "began to piece the puzzle together" of rampant contract fraud within the Command.  Id. ¶ 40.  After his supervisors noticed that he had begun "collecting financial and contracting information" showing the fraudulent conduct within the Command, members of the Command "humiliated him unceasingly with busy work, refused to fund his training, tried to have him shipped to combat zones for a year deployment away from Habeas Corpus, and [made] snide remarks behind his

---

( . . . continued)
treat the motion as filed on behalf of the other defendants referenced in the complaint.

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Secretary's Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mem."); (2) the Plaintiff's Response in Opposition to Defen[]dants' Motion to Dismiss, or in the Alternative, for a Summary Judgment ("Pl.'s Opp'n"); and (3) the Reply in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Reply").

back," id., eventually culminating in his transfer to the Command's facility in San Diego, id. ¶ 47, and a requirement that he obtain a higher-level security clearance for the purpose of "disqualify[ing] [him] from federal service," id. ¶ 50.  Following these events, the plaintiff travelled to the District of Columbia, where he "hand-carried an appeal for redress to all members of the Senate and House Armed Services Committees."  Id. ¶ 51.

In May 2008, the plaintiff filed a complaint with the Office of Special Counsel, which resulted in him being subjected to "intimidating death threats, humiliation, discrimination, and a conspiracy that needs a much longer complaint to detail," including an unfounded criminal investigation by the NCIS.  Id. ¶ 55.  He subsequently filed actions in the United States District Court for the District of South Carolina against the Command under the False Claims Act and the Freedom of Information Act ("FOIA").  Id. ¶ 55.  Beginning in 2009, the plaintiff also "repeatedly filed [m]ixed-[c]ase appeals with the Merit Systems Protection Board [("MSPB")] . . . alleging contract fraud, conspiracy death threats, and retaliatory discrimination on account of his Arab origin and in retaliation for his whistleblowing."  Id. ¶ 8.  The plaintiff received final decisions on two of his appeals from the MSPB in December 2010 and on April 4, 2012.  Id. ¶¶ 12–13.  A third appeal is currently pending before the MSPB.  Pl.'s Opp'n at 15.

The plaintiff filed this action on June 5, 2012, alleging discrimination based on his national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (2006), Compl. ¶¶ 56–57, retaliation resulting from his whistleblowing activity in violation of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) (2006), Compl. ¶¶ 58–59, and retaliation resulting from the previous suits he filed against his employer under the False Claims Act, 31 U.S.C. § 3730(h) (2006), Compl. ¶¶ 60–61, for which he seeks an array of remedies, id. at pp. 19–20.  The plaintiff also requests the Court to issue an order to the United States

Department of Justice's Office of Information Policy "to publish an update on [its] website" regarding the plaintiff's previous suit against the defendant under the FOIA.  Id. at 20.

The Secretary seeks dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (4), (5), and (6).  Def.'s Mot. at 1.  Alternatively, the Secretary requests summary judgment pursuant to Federal Rule of Civil Procedure 56.  Id.  The plaintiff opposes the Secretary's motion, and indicates that he is also bringing claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for declaratory relief, Pl.'s Opp'n at 1, 4–5, and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964 (2006), Pl.'s Opp'n at 8–13.  For the reasons explained below, the Court concludes that the Secretary is entitled to either dismissal or transfer under Rules 12(b)(1), (3), and (6), and that his motion can be resolved without consideration of the additional exhibits attached to the Secretary's motion.[3]

## II. STANDARDS OF REVIEW

### A.  Motion to Dismiss Under Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) "presents a threshold challenge to the [C]ourt's jurisdiction."  Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987).  When reviewing such a motion, the Court must "assume the truth of all material factual allegations in the complaint and

---

[3] Although the Secretary moved alternatively for summary judgment, he did not provide notice to the plaintiff of the requirements for opposing a summary judgment motion as required by Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992). The Secretary noted this error in his reply, but contends that the plaintiff had notice of the requirements from his involvement in prior litigation. Def.'s Reply at 4 n.2. Despite this possibility, when government counsel fails to provide the required notice under Neal, the district court must do so. Neal, 963 F.2d at 457. Nonetheless, because of the Court's disposition of the motion under Rule 12(b), the Court did not need to provide such notice to the plaintiff. Cf. Gordon v. Nat'l Youth Work Alliance, 675 F.2d 356, 361 (D.C. Cir. 1982) (holding that district court's consideration of matters outside of the pleadings on motion under Rule 12(b)(6) without providing the parties with notice of its intent to do so and opportunity to submit additional documents may be upheld "only if it meets the stringent standard for dismissal without regard to matters outside the pleadings").

'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" <u>Am. Nat'l Ins. Co. v. FDIC</u>, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation omitted).  However, because "[f]ederal courts are courts of limited jurisdiction," it is "presumed that a cause lies outside [their] limited jurisdiction," <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994), and "the [p]laintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction," <u>Hollingsworth v. Duff</u>, 444 F. Supp. 2d 61, 63 (D.D.C. 2006).  Accordingly, the "'[p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." <u>Grand Lodge of Fraternal Order of Police v. Ashcroft</u>, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (quoting 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1350 (2d ed. 1987)).  Finally, in determining whether it has jurisdiction, the Court "may consider materials outside of the pleadings." <u>Jerome Stevens Pharm., Inc. v. FDA</u>, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## B.  Motion to Dismiss Under Rule 12(b)(3)

In considering a motion to dismiss for lack of proper venue under Rule 12(b)(3), "the Court accepts the plaintiff['s] well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff['s] favor, and . . . resolves any factual conflicts in the plaintiff['s] favor." <u>Quarles v. Gen. Inv. & Dev. Co.</u>, 260 F. Supp. 2d 1, 8 (D.D.C. 2003) (internal quotation marks and citation omitted); <u>see also</u> <u>2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.</u>, 148 F. Supp. 2d 50, 54 (D.D.C. 2001) (stating that courts will grant a 12(b)(3) motion if "facts [are] presented that . . . defeat [the] plaintiff's assertion of venue") (citation omitted). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." <u>Freeman v. Fallin</u>,

254 F. Supp. 2d 52, 56 (D.D.C. 2003) (citations omitted).

### C.  Motion to Dismiss Under Rule 12(b)(6)

A Federal Rule of Civil Procedure 12(b)(6) motion tests whether the complaint "state[s] a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In making this assessment, a plaintiff receives the "benefit of all inferences that can be derived from the facts alleged," Am. Nat'l Ins. Co., 642 F.3d at 1139 (internal quotation marks and citation omitted), and the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice," EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997) (footnote omitted).  But raising a "sheer possibility that a defendant has acted unlawfully" fails to satisfy the facial plausibility requirement.  Iqbal, 556 U.S. at 678.  Rather, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  While the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pleaded with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief."  Id. at 679.

### D.  Treatment of Pro Se Pleadings

The pleadings of pro se litigants are to be "liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted).  However, even though a pro se complaint must be construed liberally, the complaint must still "present a claim on which the Court can grant relief."  Chandler v. Roche, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

### III. ANALYSIS

#### A. The Plaintiff's Discrimination Claim

The Secretary contends that the plaintiff's discrimination claim must be dismissed because venue in this Court is improper. Def.'s Mem. at 7–9.  Claims of discrimination under Title VII may be brought where "the unlawful employment practice is alleged to have been committed, . . . the employment records relevant to such practice are maintained and administered, . . . [or where] the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).  If the defendant cannot be brought before the court in any of the three preceding districts, the action may be brought where "the respondent has his principal office."  Id.  The Court agrees with the Secretary's position that venue is improper in this district.

This district is neither the location of the alleged discrimination nor the district in which the plaintiff would have worked but for the alleged discrimination.  The facts underlying the plaintiff's discrimination claim occurred in Charleston, South Carolina, Tampa, Florida, and San Diego, California, the three locations where the plaintiff was employed while the alleged discrimination occurred.  See Compl. ¶¶ 38–50, 55; see also Pl.'s Opp'n, Exhibit ("Ex.") C (Affidavit in Rebuttal of Defendants' Statement of Material Facts ("Pl.'s Aff.")) ¶ 10 (stating that the plaintiff has worked at Command facilities in Charleston, Tampa, and San Diego).  The

plaintiff continues to work for the Command in Charleston.  <u>See</u> Compl. ¶¶ 1, 14.  Indeed, the

only allegation in the complaint relating to this forum is that the plaintiff drove to the District of

Columbia in order to hand-deliver "an appeal for redress to all members of the Senate and House

Armed Services Committee."  <u>Id.</u> ¶ 51.  Because the Secretary could have been brought before

the courts in the districts where the alleged discrimination occurred under the first provision of §

2000e-5(f)(3), the plaintiff cannot avail himself of the provision permitting suit in the district

where the defendant has his principal office.  <u>See</u> § 2000e-5(f)(3) ("<u>if the respondent is not found</u>

<u>within any such district</u>, [i.e., a district where the alleged discrimination occurred,] such an

action may be brought within the judicial district in which the respondent has his principal

office" (emphasis added)); <u>Stebbins v. State Farm Mut. Auto. Ins. Co.</u>, 413 F.2d 1100, 1102

(D.C. Cir. 1969).

      The plaintiff chiefly relies on the second provision of § 2000e-5(f)(3) as grounds for

venue in this district, arguing that venue is proper here because the "[f]ederal government moved

storage to computers' clouds, which does not leave a physical street address."  Pl.'s Opp'n, Ex. C

(Pl.'s Aff.) ¶ 12.  The electronic accessibility of documents in this district does not satisfy §

2000e-5(f)(3)'s second provision, which permits a case to be brought "in the judicial district in

which the employment records relevant to such practice are maintained and administered," §

2000e-5(f)(3), because the statute contemplates venue in the single judicial district where the

records are "maintained and administered," not "wherever records could be accessed," <u>Khalil v.</u>

<u>L-3 Commc'ns Titan Grp.</u>, 656 F. Supp. 2d 134, 136 (D.D.C. 2009) (venue is proper "where the

complete master set of Plaintiff's relevant employment records are maintained and administered,

not merely where any records happen to be located") (citation and quotation marks omitted)).

The plaintiff has therefore failed to meet his burden to establish that venue is proper in this

district.

This conclusion does not end the Court's inquiry, however.  Under 28 U.S.C. § 1406, a district court which finds that a plaintiff has filed a case in the wrong venue "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (2006).  The decision whether to transfer or dismiss a case is committed to the discretion of the district court where a suit was improperly filed.  Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).  Although a district court may dismiss a case if the plaintiff's claim suffers from obvious substantive defects, see Buchanan v. Manley, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998); Naartex Consulting Corp., 722 F.2d at 789, the interest of justice generally favors transferring a case, particularly when a plaintiff is proceeding pro se, James v. Verizon Servs. Corp., 639 F. Supp. 2d 9, 15 (D.D.C. 2009).  In determining whether transfer as opposed to dismissal is appropriate, a court must "decide as a preliminary matter that venue and jurisdiction would be proper as to all defendants" in the district where the case would be transferred.  Sharp Elecs. Corp. v. Hayman Cash Register Co., 655 F.2d 1228, 1230 (D.C. Cir. 1981).

The Secretary argues that the plaintiff's Title VII claim must be dismissed because the plaintiff has failed to exhaust his administrative remedies prior to bringing suit in federal court, which, he contends, deprives any district court of jurisdiction over the claim.  See Def.'s Mem. at 9–15.  In order to bring a discrimination claim in district court under Title VII, a plaintiff must first timely exhaust his administrative remedies.  Payne v. Salazar, 619 F.3d 56, 65 (D.C. Cir. 2010).  A federal employee may accomplish administrative exhaustion of his Title VII claim by either filing a complaint with the agency's Equal Employment Opportunity office or by administratively filing a "mixed case appeal," which includes both discrimination and non-

discrimination claims, directly with the MSPB.  Butler v. West, 164 F.3d 634, 638 & n.6 (D.C.

Cir. 1999).  The plaintiff argues that he exhausted his administrative remedies through the latter

route.  See Compl. ¶ 8; Pl.'s Opp'n at 7–8 ("Plaintiff exhausted [d]iscrimination and

Whistleblower Protection Act . . . administrative process at the [MSPB] . . . in four mixed-case

appeals starting April 2009.").

     As the defendant correctly points out, however, the plaintiff's appeals before the MSPB

are not properly characterized as "mixed case appeals."  Def.'s Mem. at 10–12.  Under 5 U.S.C.

§ 7702, a mixed case is one in which the employee "has been affected by an action which the

employee . . . may appeal to the [MSPB], and alleges that a basis for the action was

discrimination prohibited by" Title VII, among other statutes.  § 7702(a)(1).  An employee may

appeal only five types of employment actions directly to the MSPB: (1) removal, (2) suspension

for more than fourteen days, (3) reduction in grade, (4) reduction in pay, and (5) a furlough of

thirty days or less.  § 7512.  Thus, in order to bring a mixed case appeal before the MSPB, and

thus to exhaust his administrative remedies through a mixed case appeal, a plaintiff must allege

that the defendant has taken one of the five designated actions against him and that "a basis for

the action was discrimination" in violation of Title VII.[4]  See Cruz v. Dep't of the Navy, 934

F.2d 1240, 1243–46 (Fed. Cir. 1991) (en banc); Dews-Miller v. Clinton, 707 F. Supp. 2d 28, 44–

45 (D.D.C. 2010); Greenhouse v. Geren, 574 F. Supp. 2d 57, 65–67 (D.D.C. 2008); Marren v.

DOJ, 51 M.S.P.R. 632, 638–40 (1991), aff'd, 980 F.2d 745 (Fed. Cir. 1992).  As far as the Court

can discern from the convoluted allegations in his complaint, none of these enumerated

---

[4] This conclusion is not altered by the Supreme Court's recent decision in Kloeckner v. Solis, __ U.S. __, 133 S.Ct. 596 (2012), which was issued while this motion was being briefed.  Kloeckner is inapplicable because, as the Supreme Court noted, "[n]o one here contests that Kloeckner brought a mixed case—that she was affected by an action (i.e., removal) appealable to the MSPB and that she alleged discrimination prohibited by an enumerated federal law."  __ U.S. at __, 133 S.Ct. at 604 (emphasis added).

employment actions have been taken against the plaintiff.  Consequently, the plaintiff has not properly filed a mixed case appeal with the MSPB, and therefore, has not exhausted his Title VII administrative remedies.

Contrary to the Secretary's assertion, however, the failure to exhaust administrative remedies does not pose a jurisdictional bar to the plaintiff's claim under Title VII, Artis v. Bernanke, 630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011) ("Title VII's exhaustion requirements are not jurisdictional"), and thus the failure to exhaust is not appropriately resolved on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), Hamilton v. Geithner, 743 F. Supp. 2d 1, 7–8 (D.D.C. 2010) (Walton, J.), aff'd, 666 F.3d 1344 (D.C. Cir. 2012).  Because the failure to exhaust here is not jurisdictional, determinations regarding the effect of the plaintiff's failure to exhaust are best made by a court where venue is proper, particularly because supplemental briefing on the issue may be necessary.  Cf. Ebron v. Dep't of Army, 766 F. Supp. 2d 54, 58 (D.D.C. 2011) (declining to determine whether the plaintiff exhausted her administrative remedies because the case was not properly before the court).  The same is true with respect to the Secretary's arguments regarding the applicability of res judicata to this case.  At least some of the allegations included in the complaint occurred well after the plaintiff instituted an earlier case, Abou-Hussein v. Gates, No. 08-783 (D.D.C.), see, e.g., Compl. ¶ 55 (including various allegations occurring in the summer and fall of 2009, shortly before a decision was rendered on September 25, 2009, in the plaintiff's earlier case, 657 F. Supp. 2d 77 (D.D.C. 2009) (Leon, J.)), but because the plaintiff does not identify which factual allegations relate to his Title VII claim, this Court would require supplemental briefing on the applicability of res judicata to properly assess the issue.  Therefore, the Secretary's arguments regarding res judicata are best resolved by the transferee court.  See, e.g., Spaeth v. Mich. State Univ. Coll. of Law, 845 F. Supp. 2d 48, 52–

53 (D.D.C. 2012) ("Defendants' Rule 12(b)(1) and Rule 12(b)(6) arguments are best addressed

by the courts where [the plaintiff] should have brought his claims.").

The Court therefore concludes that it is in the interest of justice to transfer this case to the

United States District Court for the District of South Carolina.  As the Secretary suggests, venue

would be proper in that district because the alleged discrimination occurred primarily, if not

entirely, at the Charleston Command facility, see Def.'s Mem. at 8, and that court can exercise

personal jurisdiction over the Secretary, who is sued in his official capacity, Cameron v.

Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993) (citing 28 U.S.C. § 1391(e)).  Moreover,

transfer, rather than dismissal, will allow this case to proceed expeditiously to resolution without

the delay and expense that would be occasioned by requiring the pro se plaintiff to re-file his

discrimination claim in another court.

**B.  The Plaintiff's Whistleblower Protection Act Claim**

The Secretary also contends that the plaintiff's Whistleblower Protection Act ("WPA")

claim must be dismissed because he did not properly pursue a mixed case appeal before the

MSPB, and thus cannot invoke this Court's jurisdiction under 5 U.S.C. § 7703 over this claim

either.  Def.'s Mem. at 16–17.  A federal court lacks jurisdiction over a WPA claim if it was not

first brought before the MSPB by either the Office of Special Counsel or by the employee

himself if the Office of Special Counsel declines to act on his behalf.  Stella v. Mineta, 284 F.3d

135, 142 (D.C. Cir. 2002) (citing 5 U.S.C. §§ 1221, 1214).  Judicial review of the MSPB's

decision may then be sought in the United States Court of Appeals for the Federal Circuit.  Id.

(citing § 7703(b)(1)).

The plaintiff contends that this Court has jurisdiction over his WPA claim because he

pursued mixed case appeals before the MSPB, in which he raised both discrimination and

whistleblowing claims.  See Compl. ¶ 8.  Under § 7703, judicial review of a mixed case appeal

properly filed under the provisions of § 7702 may be sought in any district court.  See §

7703(b)(2); Stella, 284 F.3d at 143 ("where the MSPB decides a case combining discrimination

and non-discrimination claims, the [d]istrict [c]ourt takes jurisdiction over appeals from both

determinations" (citation omitted)).  As explained above, however, the plaintiff did not properly

file a mixed case appeal before the MSPB under § 7702, and therefore, this Court cannot

exercise jurisdiction over his WPA claim under § 7703(b)(2).  The only proper forum for judicial

review of the plaintiff's WPA claim is the Court of Appeals for the Federal Circuit.  See §

7703(b)(1).  And transfer of the plaintiff's claim to the Federal Circuit pursuant to 28 U.S.C. §

1631 is not warranted because under § 7703(b)(1), the plaintiff was required to institute suit

"within 60 days after the Board issues notice of the final order or decision of the Board."  §

7703(b)(1)(A).  The plaintiff did not commence this action until June 5, 2012, sixty-two days

after he received a final decision from the MSPB on April 4, 2012.  See Compl. ¶ 13.  The

statutory time limit contained in § 7703(b)(1) is jurisdictional, and thus cannot be extended for

any reason.  King v. Dole, 782 F.2d 274, 275–76 (D.C. Cir. 1986).

    In his opposition to the defendant's motion, the plaintiff argues that the Court should

consider his suit to be timely filed because his currently-pending MSPB case has been pending

for more than five hundred days, and thus "is constructively denied."  Pl.'s Opp'n at 16.  Unlike

actions under § 7702, however, there is no statutory time limit by which the MSPB must act with

respect to WPA claims, compare 5 U.S.C. § 1221 (providing that "[a] final order or decision

shall be rendered by the [MSPB] as soon as practicable"), with § 7702(a)(1) (requiring the

MSPB take action within 120 days of filing appeal), and thus there is no basis for this Court to

deem the plaintiff's pending appeal before the MSPB "constructively denied."  Accordingly, the

plaintiff's WPA claim must be dismissed because this Court, and indeed, any federal district court, lacks subject matter jurisdiction over it, and the plaintiff's untimely filing deprives the Federal Circuit of jurisdiction over it as well.[5]

### C.  The Plaintiff's RICO Claim

Although his complaint indicates that his second claim is brought pursuant to the WPA and 18 U.S.C. § 1513, see Compl. ¶ 59, the plaintiff represents in his opposition to the motion to dismiss that his second claim, and for that matter this entire suit, is brought under the RICO Act, Pl.'s Opp'n at 8, 11–13.  "Sovereign immunity bars suits . . . for money damages against the government itself, and against public officials sued in their official capacities."  Konarski v. Brown, No. 03-5340, 2004 WL 1249346, at *1 (D.C. Cir. June 7, 2004) (per curiam) (citation omitted).  Any waiver of sovereign immunity must be clear and unequivocal.  United States v. Mitchell, 445 U.S. 535, 538 (citation omitted).  The complaint indicates that the plaintiff has brought suit against the Secretary in his official capacity, see Compl. ¶ 15 ("Defendant, Ray Mabus, is Secretary of the Navy . . . and in that capacity is the chief executive officer of the Department of the Navy" (emphasis added and original emphasis omitted)), and therefore, the claim requires a waiver of sovereign immunity by the defendant.  No such waiver authorizing treble damages for claims brought under the RICO Act has been executed by the United States.[6]  Norris v. Dep't of Defense, No. 96-5326, 1997 WL 362495, at *1 (D.C. Cir. May 5, 1997).

---

[5] Count II of the plaintiff's complaint also includes a citation to 18 U.S.C. § 1513, which is a criminal statute prohibiting retaliation against witnesses, victims, or informants.  No private cause of action is recognized under this statute.  Shahin v. Darling, 606 F. Supp. 2d 525, 538 (D. Del. 2009), aff'd, 350 F. App'x 605 (3d Cir. 2009). Accordingly, to the extent that the plaintiff intends to raise a claim pursuant to § 1513, such a claim cannot be maintained.

[6] Although the Secretary does not raise the defense of sovereign immunity to a RICO claim, sovereign immunity is jurisdictional in nature, and therefore, the Court raises it sua sponte.  In re Al Fayed, 91 F. Supp. 2d 137, 138 (D.D.C. 2000) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)), aff'd, 229 F.3d 272 (D.C. Cir. 2000).

The plaintiff's repeated characterization of himself as a "private attorney general," Pl.'s Opp'n at 11–13, who represents "the citizens['] class with public interest in fighting organized crime," id. at 13, does not alter this conclusion.  The Court finds no support for the proposition that the United States has waived its sovereign immunity whenever a putative RICO plaintiff brings a claim in furtherance of the public interest.  None of the cases cited by the plaintiff in support of his status as a "private attorney general" indicate that sovereign immunity is inapplicable when a plaintiff seeks relief that will purportedly benefit society at large.  See Rotella v. Wood, 528 U.S. 549, 557–58 (2000) (discussing the purpose of the RICO Act in determining when RICO cause of action accrues); Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143, 151 (1987) (discussing the purpose of the RICO Act in determining applicable statute of limitations).  Rather, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  Mitchell, 445 U.S. at 538 (citation and quotation marks omitted).  And as just discussed, Congress did not waive the United States' sovereign immunity for suits for treble damages under the RICO Act.  Accordingly, to the extent that the plaintiff brings a claim against the Secretary under the RICO Act, regardless of whether he purports to represent only himself or the public at large, the claim must be dismissed for lack of jurisdiction.

### D.  False Claims Act Claim

The Secretary argues that the plaintiff's claim under § 3730(h) of the False Claims Act must also be dismissed because sovereign immunity has not been waived for claims under § 3730(h).  Def.'s Mem. at 18–19.  The Court agrees that a claim under § 3730(h) against the Secretary in his official capacity is barred by sovereign immunity.  See Galvan v. Fed. Prison Indus., Inc., 199 F.3d 461, 467–68 (D.C. Cir. 1999).

In his opposition, the plaintiff contends that his claim was brought against the Secretary

in an individual capacity, and that he has effected service on the Secretary accordingly.  Pl.'s

Opp'n at 7.  Although the Secretary disputes that he was properly served in an individual

capacity, Def.'s Mem. at 18 n.6; Def.'s Reply at 6, the Court need not resolve this dispute

because even if the Secretary was properly served as an individual, the plaintiff's claim is

nonetheless deficient.  The whistleblower protections contained in the Civil Service Reform Act

constitute the exclusive set of statutory remedies for federal employees who allege retaliation

resulting from whistleblowing activity.  LeBlanc v. United States, 50 F.3d 1025, 1029–30 (Fed.

Cir. 1995) (concluding that Congress did not intend to create a remedy in addition to those

included in the Civil Service Reform Act without statutory language to that effect and in light of

the comprehensiveness of the Act); Gibbs v. United States, 865 F. Supp. 2d 1127, 1139–40

(M.D. Fla. 2012) (same); Harris v. Bodman, 538 F. Supp 2d 78, 82 (D.D.C. 2008) (same)

(citations omitted).  And given the existence of a remedy for the alleged conduct in the Civil

Service Reform Act, a suit against the Secretary in his individual capacity pursuant to Bivens is

not warranted.[7]  See Daly v. Dep't of Energy, 741 F. Supp. 202, 205 (D. Colo. 1990).

Accordingly, the plaintiff's claim under § 3730(h) of the False Claims Act must be dismissed.[8]

---

[7] The plaintiff relies heavily on Samuel v. Holmes, 138 F.3d 173 (5th Cir. 1998), to support his argument that the Secretary cannot assert immunity as a defense.  Here, the Secretary invokes the doctrine of sovereign immunity, see Def.'s Mem. at 18–19, whereas Samuel addressed qualified immunity, see Samuel, 138 F.3d at 178.  Whether the Secretary has qualified immunity for his actions would be relevant if the plaintiff could proceed with a claim under § 3730(h) against the Secretary in his individual capacity.  As indicated, however, a Bivens claim under § 3730(h) is not appropriate because of the existence of a comprehensive alternative remedy for the alleged injury in the Civil Service Reform Act.  Samuel does not alter this conclusion because, unlike the plaintiff in Samuel, who was an employee of a local school district, the plaintiff here is a federal employee whose allegations can be redressed by the remedial scheme created by the Civil Service Reform Act.  See Samuel, 138 F.3d at 175.

[8] Because the Court concludes that the plaintiff cannot proceed with a claim under § 3730(h) against the Secretary in either his official or individual capacity, the Court need not address the plaintiff's arguments regarding the merits of his claim, including "the motive to retaliate" allegedly created by the plaintiff's earlier False Claims Act suits.  See Pl.'s Opp'n at 8.

### E.  Injunctive Relief

In addition to the three enumerated claims in the complaint,[9] the plaintiff also seeks an

"[o]rder [from the Court] to [the] Department of Justice['s] ("DOJ") Office of Information

Policy . . . to publish an update on [its] website that DOJ has recently litigated the [f]undamental

[q]uestion" referenced in McDonnell Douglas Corp. v. U.S. Dep't of the Air Force, 375 F.3d

1182 (D.C. Cir. 2004).  Compl. ¶ 1 (emphasis removed).  The plaintiff characterizes this

requested relief as either "a Bivens claim not seeking monetary damages," id. ¶¶ 3, 13; Pl.'s

Opp'n at 3–5, or as a RICO claim, Pl.'s Opp'n at 2, 3–5.  As noted earlier in this opinion, the

plaintiff cannot bring a RICO claim against the United States government.  The requested relief

is also not properly sought as a Bivens claim, which is "an action against a federal officer

seeking damages for violations of the plaintiff's constitutional rights" brought "against federal

officers in their individual capacity, not their official capacity."  Simpkins v. Dist. of Columbia

Gov't, 108 F.3d 366, 368 (D.C. Cir. 1997).  Because the plaintiff seeks injunctive relief, which

can be enforced only against a federal agency, and not damages against an individual federal

officer for the alleged violation of the plaintiff's constitutional rights, Bivens does not provide

the plaintiff an avenue for the relief he seeks.  See Fletcher v. Dist. of Columbia, 481 F. Supp. 2d

156, 164 (D.D.C. 2007), vacated in part on other grounds, 550 F. Supp. 2d 30 (D.D.C. 2008);

Hatfill v. Gonzales, 519 F. Supp. 2d 13, 23–24 (D.D.C. 2007) ("Regardless of the manner by

which a plaintiff designates the action, a suit should be regarded as an official-capacity suit . . .

---

[9] The plaintiff makes a solitary reference to the Notification and Federal Employee Anti-Discrimination and Retaliation Act of 2002, 5 U.S.C. § 2301 note (2006), in his complaint, see Compl. ¶ 3, but does not include it as an enumerated claim and makes no reference to a claim under this Act in his response to the Secretary's motion, see Pl.'s Opp'n at 8 (sole mention of the Act is in reference to a citation in the defendant's motion).  To the extent that the plaintiff seeks to bring a claim under the Act, such a claim must be dismissed because the Act does not create a private right of action.  See Glaude v. United States, 248 F. App'x 175, 177 (Fed. Cir. 2007); Williams v. Spencer, 883 F. Supp. 2d 165, 182 (D.D.C. 2012).

when . . . the effect of the judgment would be to restrain the Government from acting, or to compel it to act." (citation and quotation marks omitted)); see also Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 74 (2001) (noting that availability of injunctive relief made extension of Bivens to private entities inappropriate and that "unlike the Bivens remedy, which we have never considered a proper vehicle for altering an entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally" (emphasis added)).

In any event, the Court cannot grant the relief requested by the plaintiff for an even simpler reason: the plaintiff has not named the Department of Justice as a defendant in this suit or properly served that agency.  See Compl. ¶¶ 14–15 (listing the plaintiff and defendants Raymond Edwin Mabus and unknown NCIS agents as the only parties to this suit).  And as the Secretary rightly notes, Def.'s Mem. at 23–24, this Court cannot assert personal jurisdiction over an entity that has not been properly served.  Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C. Cir. 2002) ("Even if there are sufficient contacts for a court to assert personal jurisdiction over a defendant, it lacks the power to do so unless the procedural requirements of effective service of process are satisfied.") (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987)).

Although the plaintiff suggests that he could amend his complaint to include the Department of Justice as a defendant in order to cure this deficiency, see Pl.'s Opp'n at 5, the plaintiff has also failed to demonstrate that he has standing to bring a claim challenging what the Department of Justice chooses to publish on its website.  "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is

fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.</u>, 528 U.S. 167, 180–81 (2000).  Even under the broadest reading of the plaintiff's filings, he has failed to demonstrate that he can satisfy any of these three prongs.  For example, the Court fails to discern what injury-in-fact the plaintiff has suffered from the Department of Justice's failure to publish certain information on its website.  Thus, while permitting the plaintiff to amend his complaint may address this Court's ability to exercise personal jurisdiction over the Department of Justice, such an amendment would nonetheless fail to show that he has standing to seek injunctive relief against this agency.  Therefore, the Court is unable to award the plaintiff any relief against the Department of Justice.

### F.  The Plaintiff's Claims Against Unknown NCIS Agents

In addition to the above claims against the Secretary, the plaintiff also purports to bring a claim or claims against unknown NCIS agents.  <u>See</u> Compl. at 1 (listing "[u]nknown NCIS [a]gents" in the caption).  The cause of action asserted against the NCIS agents and the factual allegations supporting the claim are entirely unclear because the plaintiff does not reference the agents in his enumerated claims.  <u>See</u> <u>id.</u> ¶¶ 56–61 (referring only to a singular "defendant" who committed the unlawful acts).  The plaintiff's opposition to the Secretary's motion to dismiss, however, references the NCIS agents when discussing his RICO claim.  <u>See</u> Pl.'s Opp'n at 9, 10, 11–12.  As already explained, a RICO claim cannot be asserted against federal officials acting in their official capacity because such a claim is barred by sovereign immunity.  To the extent that the plaintiff seeks to assert a claim against the NCIS agents in their individual capacity, it is apparent to the Court from the record that the NCIS agents have not been properly served under Federal Rule of Civil Procedure 4(i), which provides that to serve a United States officer or

employee in his or her individual capacity, "a party must serve the United States and also serve the officer or employee." See Pl.'s Opp'n, Ex. 7 (Plaintiff's Affidavit in Proof of Service Made on Defendants in Both Individual and Official Capacities) ("I served Mabus/Unknowns via certified mail intended for both [i]ndividual and [o]fficial capacity by putting Mabus['] name on the envelope with same Bivens claim in complaint that could be brought only against officials in individual capacity."). Because there "exists a reasonable prospect that service can be obtained," Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983), and pro se litigants are generally given great latitude to correct defects in service, Angellino v. Royal Family Al-Saud, 688 F.3d 771, 778 (D.C. Cir. 2012) (citation omitted), the Court finds that sua sponte dismissal of the claim or claims against the NCIS agents is not appropriate.

In accordance with the general practice of this Circuit, the Court thus transfers the claim or claims against the unknown NCIS agents in addition to the plaintiff's discrimination claim. See Saran v. Harvey, No. 04-18479JDB0, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005) ("When venue is improper for a Title VII claim, courts have consistently transferred the entire case, pursuant to 28 U.S.C. § 1406(a), to a judicial district where venue is appropriate for all claims, rather than split a case apart." (citation omitted)). Venue in the United States District Court for the District of South Carolina is proper under 28 U.S.C. § 1391 based on the allegations in the complaint because that court is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." See Modaressi v. Vedadi, 441 F. Supp. 2d 51, 54–55 (D.D.C. 2006) (holding that venue for a civil RICO claim may be established pursuant to the general venue provision of 28 U.S.C. § 1391 and collecting cases). The Court therefore finds that transfer of all claims in the case that have not been dismissed by the Court is warranted.

## IV. CONCLUSION

Despite the liberal construction the Court has afforded to the plaintiff's filings, the Court nonetheless concludes for the foregoing reasons that all of the plaintiff's claims against the Secretary must be dismissed, except for his discrimination claim under Title VII.[10]  With respect to the discrimination claim, the Court finds that venue is improper in this district, and that transferring that claim to the United States District Court for the District of South Carolina is in the interest of justice.  Accordingly, the Secretary's motion to dismiss is granted in part, and denied with respect to the plaintiff's Title VII claim.

  **SO ORDERED** this 17th day of July, 2013.[11]

REGGIE B. WALTON
United States District Judge

---

[10] The Court has endeavored to comprehend the plaintiff's claims and allegations in accordance with its duty to liberally construe pro se complaints.  In his opposition, the plaintiff includes a variety of allegations against individuals who are not named as defendants here and which are not connected to any of the plaintiff's claims under the broadest possible reading.  See Pl.'s Opp'n at 13–16.  To the extent that the plaintiff requests relief against these individuals, the Court must deny those requests because, as described with respect to the plaintiff's requested order directed to the Department of Justice, this Court, nor any other federal district court, can exercise personal jurisdiction over individuals or entities who have not been named in this suit as a defendant or properly served with a summons and complaint.

[11]  An Order consistent with this Memorandum Opinion shall be issued contemporaneously.